# HANA, UMI KUKAILANI, HER HUSBAND, AND LAHAINA COFFEE AND FRUIT COMPANY, LIMITED v. PIONEER MILL COMPANY, LIMITED.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 22, 1899.          DECIDED OCTOBER 17, 1899.

FREAR AND WHITING, JJ.

H signed two deeds, one purporting to release her dower right, the other all her right, title and interest, in certain lands which had previously been mortgaged by her husband (she not joining or releasing her dower) and sold on foreclosure. H afterwards was informed that her grantee claimed that there was a defect in the foreclosure sale and that she had inherited through her daughter all the estate of her husband, the daughter and husband having died, and that consequently a fee simple title had been conveyed by her deeds. She then brought a bill for the cancelation of the deeds upon the ground of false and fraudulent representations that she had only a dower right. She did not show any defect in the foreclosure sale or show that she had more than a dower right or that she executed the deeds in reliance upon any false representation that she had only a dower right. She alleged also that she did not know that her deeds purported to convey more than a dower right, but she did not allege that her grantee had misled her as to what they purported to convey or show why she did not know what they purported to convey. Held, on demurrer, that the bill was insufficient.

OPINION OF THE COURT BY FREAR, J.

This is a bill in equity for the cancelation of certain deeds on the ground of fraud and misrepresentation. The case comes here on appeal from a decree sustaining a demurrer to the bill and dismissing the bill.

The bill alleges in substance: That one Kapakahi in 1887 mortgaged certain land owned by him situated at Lahaina, Maui, his wife, the plaintiff Hana, not joining or releasing her dower; that the mortgage was foreclosed in 1889; that the purchaser at the foreclosure sale conveyed the lands in 1892 to another, who, in 1896 conveyed them to the plaintiff corporation, which has since expended much money in improvements thereon. That Kapakahi died in 1887 leaving his said wife and a daughter surviving him; that the daughter died in 1896; and that Hana and her present husband, the plaintiff Umi Kukailani, whom she married in 1890, are lepers at the settlement on Molokai. That on March 29, 1899, the defendant obtained from Hana two deeds, one purporting to be a release of her dower, the other a release and quitclaim of all her interest in these lands, and also a deed from her husband giving his consent to her said deeds, and two days later brought an action of ejectment against the plaintiff corporation for these lands; that at the time and before the said deeds were executed Hana and her husband were informed by an attorney of defendant that Hana was conveying only a dower right by said deeds; and that neither said Hana nor her husband knew that she had any other than a dower right in these lands, or that either of the deeds purported to convey any other right. That the consideration expressed in said deeds, $502.00 in all, is grossly inadequate for the interest of Hana and Umi Kukailani in said lands, and that these plaintiffs on account of her detention at said settlement were unable to travel and mingle with people who are familiar with the values of property, and were unable to form a just estimate of the value of the title of said Hana in said lands, and were induced to accept said sum through the wilfully false and fraudulent representations of the defendant's agent that said Hana had no title or claim to said lands other than a right of dower, and the concealment of the fact that said Hana is heir of her said daughter and through her would inherit all estate left by Kapakahi, and the concealment of the value of the said Hana's interest in the said lands. That before signing said deeds the said Hana consulted her attorney in Honolulu by letter, and was advised by him to sign them, but

that the said attorney so advised without a full knowledge of the facts and upon misrepresentations of defendant's attorney that the said Hana had no interest in said lands other than a dower interest. That plaintiffs are informed and believe that defendant claims that said foreclosure sale was void by reason of certain alleged defects in the publication of the notice of intention to foreclose and of sale or otherwise, and that at the date of the said deeds the said Hana was entitled to said lands in fee simple, and that by said deeds the title to said lands became vested in the defendant. That upon being so informed the said Hana and Umi Kukailani declared said deeds to be void and thereupon for the purpose of protecting the plaintiff corporation and to obtain a more adequate consideration executed a deed of all her interest in the said lands to the said plaintiff corporation.

The prayer is for the cancelation of the deeds from Hana and her husband to the defendant.

Copies of the various documents referred to in the bill, including the affidavit on the mortgage foreclosure, are attached to the bill and made part thereof.

The defendant demurred on three grounds: (1)  That the bill did not state facts sufficient to constitute a cause of action; (2) that it did not show any material fact concealed from Hana and her husband; and (3) that it was uncertain in alleging that the consideration was inadequate without showing what title or interest Hana and her husband had.

The bill seems to be based on three grounds: (1) That Hana conveyed a fee simple title in reliance upon a false representation that she had only a dower right; (2) her ignorance as to what the deeds purported to convey; and (3) inadequacy of consideration.

As to the first of these grounds, it does not appear from the allegations of the bill that Hana conveyed a fee simple title or that she had any more than a dower right, or that she executed the deeds in reliance upon any false representation that she had only a dower right. She shows that her former husband once had the fee simple title and that if he had not disposed of it she would have inherited it; but she also shows that he had disposed of

it by executing a mortgage which was afterwards foreclosed, and consequently that she, for the reason that she did not join in the mortgage, had a dower right and nothing more. True, it is alleged that the defendant claims that the foreclosure sale was void by reason of alleged defects in the publication of the notice, &c., but no such alleged defects are pointed out, and such claim may be unfounded. It is also alleged (though with reference to the consideration only) that Hana was induced to accept the sum named through the wilfully false and fraudulent representations of defendant's agent that Hana had no title other than a dower right, and from this it might be inferred that she had some other title (not necessarily a fee simple); but even if such a showing merely by way of inference would be sufficient by itself, still the inference is offset by the positive showing in other parts of the bill that she had only a dower right.

Secondly, as to the allegation that Hana executed the deeds without knowing that they purported to convey any right, title or interest other than a dower right. By this we presume it is meant that she thought that neither of her deeds contained any general words such as "all my estate, right, title, interest," &c., found in one of the deeds, but that each contained only such specific words as "all my right of dower" found in the other deed. It is difficult to see how she could have thought this, considering that she signed two separate deeds which were worded differently, and which she presumably read, and in regard to which she consulted her attorney before signing. And, even if she did not read the deeds, but signed both thinking they were the same, still, it is nowhere alleged that the defendant or its attorney or agent misrepresented what the deeds purported to convey as distinguished from what they did convey, or misled them in any way as in the wording of the deeds, or that she relied on any such misrepresentations.

Thirdly, the allegation of inadequacy of consideration is made with reference to an assumed fee simple title in Hana. It is not claimed that the consideration was inadequate if Hana had only a dower right, and, as we have seen, this is all she is shown to

have had. This ground is not relied upon as sufficient by itself to support the bill.

The decree appealed from, dismissing the bill, is affirmed.

*W. O. Smith* and *F. M. Hatch*, for the plaintiffs.

*Kinney, Ballou & McClanahan* for the defendant.